IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**MARY PETERMAN**                                                                  **PLAINTIFF**

**v.**                                    **3:07CV00047-WRW**

**DERRICK TINSLEY and**
**GREAT DANE, L.P.**                                                               **DEFENDANTS**

### ORDER

This is an employment discrimination suit brought under the Arkansas Civil Rights Act ("ACRA").[1] Plaintiff filed suit in Craighead County, Arkansas on March 7, 2006. Defendant Great Dane removed the case to federal court on April 19, 2007 (Doc. No. 1).[2] Pending is Plaintiff's Motion to Remand (Doc. No. 7), to which Defendant Great Dane responded (Doc. No. 11). Plaintiff contends that the removing of her case to federal court was improper because diversity jurisdiction under 28 U.S.C. § 1332 is lacking.[3] She argues that Defendant has not shown complete diversity or that the amount in controversy exceeds $75,000.

---

[1] Ark. Code Ann. § 16-123-101.

[2] Because Defendant Tinsley has not yet been served with the Complaint, his consent was not necessary for the Notice of Removal. See *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of North America*, 841 F.2d 1254, 1259, n. 9 (5th Cir. 1988) (28 U.S.C. § 1446(a) held to only apply to defendants who have been served) (citing *Pullman v. Jenkins*, 305 U.S. 534 (1939)).

[3] 28 U.S.C. § 1332(a)(1) provides, in relevant part, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

**I.      Analysis**

Diversity jurisdiction requires proof that the amount in controversy exceeds $75,000 and that the plaintiffs and defendants are citizens of different states.[4] The Eighth Circuit has not yet defined the appropriate amount of proof required where damages are not specified.[5] However, district courts have found that to establish that removal is proper, a defendant must present specific facts or evidence of the amount in controversy.[6] Any doubts regarding the validity of removal jurisdiction should be resolved in favor of remand.[7]

**A.      Amount in Controversy**

Where a plaintiff does not specifically plead an amount in controversy, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."[8] "The complaint will be [removed] if it appears to a legal certainty that the value of the claim is actually less than the required amount."[9]

The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.[10] When the amount is not "facially apparent" from the

---

[4]*Id.*

[5]*McClure v. Raymond Corp.*, 174 F. Supp. 2d 982,985, n.1; *Sutter v. Aventis CropScience USA Holding*, 145 F. Supp. 2d. 1050, 1053 (S.D. Iowa 2001).

[6]*Hill v. Ford Motor Co.*, 324 F. Supp.2d 1028, 1036 (E.D. Mo. 2004).

[7]*Id.*

[8]*In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation*, 346 F.3d 830, 834 (8th Cir. 2003); *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000) ("[T]he party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence.").

[9]*Id.*

[10]*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

complaint, "the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"[11] If the removing party satisfies this burden, the plaintiff can still defeat removal by showing to a legal certainty that recovery cannot exceed $75,000.[12]  To meet its burden of proof, the defendant must present specific facts or evidence.[13]

In her Complaint, Plaintiff asks for damages for "humiliation, degradation, emotional and physical distress" as well as "loss of employment benefits, emotional pain, suffering and inconvenience, and physical distress."[14]  She asks to be reinstated, with all related compensation and fringe benefits, back pay, benefits, attorney's fees and costs, pre-judgment interest.[15]

ACRA allows the recovery of back pay, interest on back pay, and, "in the discretion of the court, the cost of litigation and a reasonable attorney's fee."[16] Likewise, if the discrimination is determined to be intentional, a claimant may be awarded compensatory and punitive damages depending on the company size anywhere from $100,000 to $200,000.[17]  Defendant provides an affidavit of its Human Resource Manager, Charlotte Singleton, in which she swears that Defendant

---

[11]*Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)).

[12]*Neighbors v. Muha*, No. 05-472-CV-W-GAF; 2005 WL 2346968 at *2 (W.D .Mo. Sept. 26, 2005) (citing 14C Wright & Miller, Federal Practice and Procedure; Jurisdiction § 3725 at 94-95 (3d ed. 1998).

[13]*Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004).

[14]Doc. No. 2.

[15]*Id*.

[16]Ark. Code Ann. § 16-123-107(c)(1)(A).

[17]*Id*. at (c)(2)(A).

employees over 201 employees.[18]  Accordingly, Defendant has shown that the amount in controversy could exceed $75,000, and has met its burden.[19]

### B. Complete Diversity

Plaintiff argues that complete diversity does not exist because Defendant Tinsley is a resident of Arkansas.  In its Response, Defendant attached the affidavit of Defendant Derrick Tinsley stating that, as of March 6, 2007, he was a permanent citizen of Arizona.[20]  Diversity of citizenship is determined at the time the suit begins, not when the cause of action arose.[21]  Based on Defendant Tinsley's affidavit, he was no longer a resident of Arkansas when the suit began.

## II. Conclusion

Plaintiff's Motion to Remand (Doc. No. 7) is DENIED.  Defendants' Motions to Amend/Correct Notice of Removal (Doc. Nos. 9 and 13) are GRANTED.  Plaintiff's Motion to Extend Time to Serve Defendant Tinsley (Doc. No. 17) is GRANTED.  Under Fed. R. Civ. P. 4(m), Plaintiff must perfect service no later than Tuesday, August 28, 2007.

In its Response, Defendant Great Dane raised a new issue arguing that Defendant Tinsley should be dismissed from suit, because an individual supervisor cannot be held liable under ACRA.

---

[18] Doc. No. 11-2.

[19] See *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008-11 (N.D. Cal. 2002) (The district court found that the amount in controversy exceeded $75,000 by including in its calculation compensatory damages, punitive damages, the amount of relief from future payments, and a reasonable estimate of attorneys' fees likely to be incurred up to resolution of the case.).

[20] Doc. No. 11-2.

[21] *Smith v. Snerling*, 354 U.S. 91, 93, n.1 (1957).

Because the issue was raised in an answer to another motion, Plaintiff has not had an opportunity to respond.  Accordingly, I will address Defendants' argument Plaintiff responds.

IT IS SO ORDERED this 1st day of June, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE