IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MARY PETERMAN                                                    PLAINTIFF

V.                     NO. 3:07-CV-0047-WRW

DERRICK TINSLEY AND GREAT
DANE LIMITED PARTNERSHIP                                         DEFENDANTS

## STIPULATED PROTECTIVE ORDER

IT IS ORDERED THAT, pursuant to Federal Rule of Procedure 26, Defendant Great Dane, L.P. and Plaintiff Mary Peterman ("named parties") shall be governed by the following terms and conditions in connection with the production and disclosure of documents and other information in this action:

1.   In connection with discovery proceedings in this action, the named parties may designate any document, thing, material, testimony, or other information derived there from, as "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" under the terms of this Order. Confidential information is only documents or information containing trade secrets or other confidential research, market data, sales data, revenue production, development, or commercial information, employee files and/or personnel files of current or former employees, income tax returns or other financial information of current or former employees or material that has been maintained and is now being maintained by the producer as confidential. Confidential documents shall be so designated by stamping copies of the documents produced with the legend "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER," Stamping "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" on the cover of any multi-page documents shall designate all pages of the document as confidential unless otherwise indicated.

2.    Testimony taken at a deposition, conference, hearing, or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding or by a written designation within thirty days of receipt of the transcript of the proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to label such portions appropriately.

3.    Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential ("Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

4.    The inadvertent production or disclosure of any information, document, transcript, or thing without a confidentiality designation shall not in and of itself be deemed a waiver of any named party's claim of confidentiality as to such material, nor shall an inadvertent production or disclosure of any document or communication subject to an attorney/client, work product, or other privilege be deemed a waiver of any privilege if the named party entitled to assert such privilege promptly notifies the named party to whom disclosure or production was made that the disclosure or production was inadvertent and that the privilege is not waived. A named party may "snap back" any privileged document that has been inadvertently-produced by writing a letter requesting that the document be returned. Any named party receiving a "snapback" letter shall return the original and all copies of the allegedly privileged document and make no use of the information contained therein, even if the named party disputes the underlying privilege. A named party's return of an allegedly privileged document is without prejudice to its right to seek a judicial determination of the merits of that privilege claim. Nothing in this Order shall prevent the discovering party from preparing a record for his/her own use containing the date, author,

Case 3:07-cv-00047-BRW   Document 27   Filed 07/26/07   Page 3 of 7
07/12/2007 09:49 FAX  501 374 5906    HUCKABAY LAW FIRM                    ☒005/009

address, topic of the document and such other information necessary to identify the document and to describe it to the Court in any motion to compel the document's production.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, court personnel, jury, counsel for a named party (including counsel's paralegal, clerical, and secretarial staff), and the "qualified persons" designated below:

    a. a named party, or an officer, director, or employee of a named party deemed by counsel in the prosecution, defense, or settlement of this action;

    b. experts, consultants, (together with their clerical staff) or any person retained by counsel to assist in the preparation, prosecution, defense, or settlement of this action;

    c. court reporter(s) employed in this action;

    d. any person whose testimony is taken in this action whom counsel in good faith believes has some prior familiarity with the confidential information about to be disclosed;

    e. any person specifically referenced as an author, sender, addressee or other recipient in a document about to be disclosed whom counsel in good faith believes may have knowledge of relevant facts or of facts that may lead to the discovery of admissible evidence; and

    f. any other person as to whom the named parties in writing agree.

When disclosing Confidential Material to any qualified persons listed above, a named party shall furnish them with a copy of this Order and obtain their agreement to treat the disclosed material as confidential and to abide by this Order, and shall execute a nondisclosure agreement in the form of Exhibit A, a copy of which shall be provided to counsel for each other party and for the parties.

6. Nothing herein shall impose any restrictions on a named party's use or disclosure of material obtained by it independent of discovery in this action, whether or not such material is

JUL-18-2007(WED) 15:04    Harrill & Sutter PLLC            (FAX)5072393026            P.006/009
07/12/2007 08:50 FAX 501 374 5806        HUCKABAY LAW FIRM                              ☒006/009

Case 3:07-cv-00047-BRW   Document 27   Filed 07/26/07   Page 4 of 7

also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

7. If Confidential Material is included in any papers to be filed in Court, such papers shall be labeled "'Confidential - Subject to Court Order" and filed under seal until further order of this Court.

8. The disclosure of Confidential Material pursuant to discovery or to the procedures set forth in this Order, or any use of Confidential Material in a court proceeding in this action, shall not constitute a waiver of any secret or of any intellectual property, proprietary, or other rights to or in such material, nor shall such material lose its confidential status by such use or disclosure.

9. Nothing in this Order shall affect the admissibility into evidence of Confidential Material. However, nothing herein shall preclude a named party from seeking confidential treatment from the Court with respect to the use or disclosure of Confidential Material in court proceedings, or from raising any available objection, including without limitation objections concerning admissibility, materiality, and privilege.

10. If a dispute arises between any named parties regarding a confidentiality designation, those parties shall make a good faith effort to resolve the dispute without intervention of the Court. If that effort is unsuccessful, the party making the disputed confidentiality designation may promptly move the Court for a ruling that the designated materials are entitled to protection. The material in question shall be treated as Confidential under the terms of this Order until such time as such motion can be heard and determined by the Court no party shall be obliged to dispute the propriety of a confidentiality designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such a designation.

JUL-18-2007(WED) 15:04    Harrill & Sutter PLLC    (FAX)5073299135    P. 007/009
07/12/2007 09:50 FAX 501 374 5906    HUCKABAY LAW FIRM    ☒007/009

Case 3:07-cv-00047-BRW    Document 27    Filed 07/26/07    Page 5 of 7

11. This Order shall be without prejudice to the right of any named party to (a) present a motion to the Court for a separate protective order as to any particular documents or information, including restrictions differing from those as specified herein; (b) present a motion to the Court for modification of this Order, or (c) to seek judicial review, or pursue other judicial action, with respect to any ruling made by the Court concerning the status of any designated Confidential Material.

12. If any named party inadvertently discloses Confidential Material, the disclosing party shall promptly notify the other named parties of the disclosure of the material.

13. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by any named party, or to have the effect of altering any existing obligation of any named party (or the absence thereof), or to have the effect of altering the confidentiality or non-confidentiality of any such document or information.

14. This Order shall survive the final termination of this action to the extent that the information contained in any Confidential Material is not or does not become known to the public. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder and to enforce the terms of this Order, including the power to issue injunctions prohibiting disclosure of the information except pursuant to the terms of this Order. Upon termination of this case, counsel for the named parties shall assemble and return to each other all documents, materials, and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

15. Any other party to this action may become a named party to this Order and subject to its terms by signing a copy of this Order and giving notice to all other named parties hereto.

SIGNED AND ENTERED this 16th day of July, 2007.

_____
THE HONORABLE WILLIAM R. WILSON
UNITED STATES DISTRICT COURT

APPROVED AS TO FORM AND CONTENT:

_____
Sarah E. Greenwood
HUCKABAY, MUNSON, ROWLETT
 & MOORE, P.A.
1900 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas 72201
Telephone: (501) 374-6535

COUNSEL FOR DEFENDANT
GREAT DANE, L.P.

_____                _____
Luther Sutter                                     James E. Patrick II
Harrill & Sutter, PLLC                            Attorney at Law
Post Office Box 26321                             Post Office Box 128
Little Rock, AR 72221                             Mayflower, AR 72106

COUNSEL FOR PLAINTIFF MARY PETERMAN

6

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in <u>Mary Peterman v. Derrick Tinsley and Great Dane, L.P.</u>, USDC No. 3-07 CV-047 WRW, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED _____, 2007.


/s/ _____






EXHIBIT A